# Edward H. McAllister v. The Detroit Free Press Company.

[See 76 Mich. 338; 85 Id. 453.]

*Libel and slander—Evidence—Question for jury—Instructions:*

1. Plaintiff was entitled to show that no warrant was exhibited to him, and no charge made or stated, when he was taken into custody; and that while the libelous article made a case justi-

fying a complaint, warrant, and detention, the circumstances did not, in fact, justify an arrest on suspicion.

2. The sting of the article is the imputation of crime; and it was for the jury to say to what extent fact was poisoned by fiction, and whether the publication, by misrepresenting the incidents of the burglary therein mentioned, and by misstating the conduct and appearance of the plaintiff and the circumstances attending his arrest, had not given to the grains of truth a color and weight they would not otherwise have possessed, and whether fictitious incidents had not had the force and effect of proofs.

3. Defendant's request for an instruction that there is nothing in the subsequent article (in which it is stated that plaintiff had been released, as there was no evidence to show that he was the man who was wanted at Bothwell) which would authorize the jury to increase the damages in this case, said article not meaning that plaintiff was guilty of the Bothwell burglary, and was only discharged for want of evidence, was properly refused.

Error to Wayne.     (Hosmer, J.)     Argued February 16, 1893.     Decided March 10, 1893.

Case.     Defendant brings error.     Affirmed.     The facts are stated in the opinion, and in 76 Mich. 338, and 85 Id. 453.

*F. A. Baker,* for appellant.

*Corliss, Andrus & Leete* (*Edwin F. Conely,* of counsel), for plaintiff.

McGRATH, J.     This action for libel is now before this Court for the third time.     76 Mich. 338; 85 Id. 453. Plaintiff has again recovered, and defendant appeals.

It is urged that the court erred in permitting plaintiff to show that no warrant was exhibited to plaintiff, and no charge made or stated, when he was taken into custody. The defendant pleaded the truth of the article in justification.     The article alleges that "Postmaster Wigle had

them arrested." It appeared on the trial that Postmaster Wigle did not cause the arrest; that the only complaint that was made was for a violation of the Canadian postal regulations, and that such complaint was not made till about 3 o'clock in the afternoon; and that, by the time the complaint was fairly read, Mr. Wigle "had become convinced that they were innocent of any intent to violate the law, and withdrew the complaint." It further appeared that the reporter who prepared the item knew that no complaint had been made or warrant issued in connection with the Bothwell affair; that the only complaint made was that already mentioned; and that the magistrate had expressed doubts about the connection of these parties with the Bothwell matter. Plaintiff was entitled to make this proof. He was entitled to show, also, that while the article made a case justifying a complaint, warrant, and detention, the circumstances did not, in fact, justify an arrest on suspicion. There was no error in the admission of the testimony.

Several errors are assigned upon the refusal of the court to instruct the jury as requested. When the case was last here, we held that the article was indivisible; that the language used imputed a crime; that—

"It is sufficient for the defendant to justify so much of the defamatory matter as constitutes the sting of the charge, and it is unnecessary to repeat and justify every word of the alleged defamatory matter, so long as the substance of the libelous charge be justified. But when the article alleged to be libelous is indivisible, and the facts asserted are dependent on each other to impute the defamatory charge, then each material allegation must be justified, or the plaintiff will be entitled to his damages suffered on account of the portion not justified."

The sting of this article is the imputation of crime. It was for the jury to say to what extent fact was poisoned by fiction, and whether the publication, by misrepresent-

ing the incidents of the burglary at Bothwell, and by misstating the conduct and appearance of the parties and the circumstances attending their arrest, had not given to the grains of truth a color and weight which otherwise they would not have possessed, and whether fictitious incidents had not had the force and effect of proofs. The fact of the arrest by the Windsor authorities was made to corroborate the other statements, and the other statements made more significant the fact of arrest. The natural inference must have been that the authorities at Windsor had acted upon the facts as stated. Plaintiff complains, not only of the misstatements, but of the association of a part of the truth with untruth, and the effect of that combination as pointing to him as a participant in that crime.

On Tuesday following, defendant published the following:

"Edward H. McAllister and Lester B. French, the men who were arrested on Saturday for trying to dispose of stamps at half price, have been released, as there was no evidence to show that they are the men who are wanted at Bothwell."

Defendant asked the court to instruct the jury as follows:

"There is nothing in the article of February 14, stating that McAllister and French had been released, 'as there was no evidence to show that they were the men who were wanted at Bothwell,' which would authorize the jury to increase the damages in this case.

"The article of February 14 does not mean that McAllister and French were guilty of the Bothwell burglary, and were only discharged for want of evidence."

There was no error in refusing the requests. These parties had not been trying to dispose of stamps at half price, nor had they been arrested for so doing. The arrest was unwarranted. The parties had been outraged.

As soon as communication was had with parties in Detroit, where they were known, their presence was explained, their standing was ascertained, and the possession of the stamps fully accounted for, and they were fully exonerated and released on the afternoon of Saturday, the day of their arrest.    It was for the jury to say what the effect of this publication would naturally be.    The court, however, confined the jury to damages arising from the first publication.

We find no error in the record, and the judgment is affirmed.

HOOKER, C. J., LONG and GRANT, JJ., concurred. MONTGOMERY, J., did not sit.

[See 76 Mich. 338; 85 Id. 453.]